# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

DAMAEL AROCHO-MERCADO

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 19-1761 (ADC)**
**[Related to Crim. No. 14-107-1 (ADC)]**

## OPINION AND ORDER

On August 7, 2019, Damael Arocho-Mercado ("petitioner") filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 14-107, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). **ECF Nos. 1, 2, 3**. For the following reasons, the petition at **ECF No. 1** is **DENIED**.

**I.    Procedural Background**

Petitioner pleaded guilty to two counts. Count One charged petitioner of aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. § 1951; and Count Two for aiding and abetting the use or carrying of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). **Crim. No. 14-107-1 (ADC), ECF No. 1** at 1-2. The Court entered judgment, sentencing petitioner to 37 months on Count One[1], and 60 months on Count Two, to be served consecutively. **Crim. No. 14-107-1 (ADC), ECF No. 64**.

---

[1] The sentence as to Count One to be served concurrently with the 37-month sentenced imposed in **Crim. No. 14-100-1**.

**II.  Discussion**

Under § 924 (c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is a Hobbs Act robbery — include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause" or "element clause." The other definition is premised on whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

Petitioner asserts that as a result of the Supreme Court's decision in *Davis*, finding 18 U.S.C. § 924 (c)(3)(B)'s "residual clause" unconstitutional, there is no statutory basis for his weapons conviction and sentence. **ECF No. 1.** Essentially, petitioner argues that his conviction for using a firearm in relation to a crime of violence in violation of 18 U.S.C. §924 (c) remains valid only if his Hobbs Act conviction meets the definition of a "crime of violence" under the "force clause," which he contends it does not. *Id*. Such contention lies on the assumption that pursuant to *Davis*, the predicate offense of a Hobbs Act robbery does not qualify as a "crime of violence" under § 924 (c).

The First Circuit Court of Appeals has rejected petitioner's arguments, and this Court recently followed suit. To wit, in *United States v. García-Ortíz*, 904 F.3d 102 (1st Cir. 2018), the Court held that a Hobbs Act robbery categorically constitutes a "crime of violence" under § 924

(c)'s "force clause[2]." *See also Isaac v. United States*, No. 16-2286, 2020 U.S. Dist. LEXIS 13957, *2-3 (D.P.R. Jan 23, 2020) ("according to the law of the circuit, Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A)"). Since only one of the definitions of "crime of violence"—under either the "residual clause" or the "force clause"—need apply to sustain petitioner's weapon conviction, the Hobbs Act robbery categorically meets the "force clause's" standard, thus ending the inquiry.

As to petitioner's attempts to discredit the injurious nature of the crime by noting that a Hobbs Act robbery can also be committed by placing a person in fear of injury to intangible property or devaluing a person's economic interests like stocks or business interests, these would fall into the category of Hobbs Act extortion, which is not the case here. As the court in *García-Ortíz*, "[w]e also find ourselves unpersuaded that a threat to devalue an intangible economic interest constitutes the type of 'injury' described in the Hobbs Act's robbery provision –'by means of actual or threatened force, or violence, or fear of injury.' 18 U.S.C. § 1951(b)(1)…the 'fear of injury' contemplated by the statute must be like the 'force' or 'violence' described in the clauses preceding it." 904 F.3d at 107 (citations omitted). Likewise, petitioner's assertion that "no force, or violence was committed during the commission of his Hobbs Act robbery conspiracy" is simply belied by the record. Defendant plead guilty to both counts charged in the Indictment, of robbery "in the presence of employees, against their will by means of actual and threatened forces, and fear of injury, immediate and future to their person…

---

[2] 18 U.S.C. § 924(c)(3)(A).

threatening the employees with a firearm in order to commit the robbery," and using and discharging firearms during such crime of violence. *See* **Crim. No. 14-107-1 (ADC), ECF No. 1**.

Since petitioner's motion for relief is hereby disposed of under the "force clause" or "element clause," it is needless for the Court to delve into *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), or *Davis*, 139 S. Ct. at 2324 (2019). *See García-Ortíz*, 904 F.3d at 109 (holding "because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause."); *see e.g. Ortiz-Brooks v. U.S.*, Civil No. 17-1376 (DRD), 2019 WL 6499443, at *3 (D.P.R. Dec. 3, 2019)(reasoning that "regardless of the Supreme Court's determination in *Davis*, the Court finds it is irrelevant whether § 924(c)'s residual clause is unconstitutional as the type offense committed by the petitioner causes that the crime be considered 'a crime of violence' as the federal carjacking statute contains the element of committing the crime 'with intent to cause death or bodily harm.' 18 U.S.C. § 2119").

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Thus, the Court will not issue him a certificate. Therefore, a COA is **DENIED**.

### IV. Conclusion

Accordingly, the petition for *habeas corpus* relief at **ECF No. 1** is **DENIED**, and petitioner's claims are **DISMISSED WITH PREJUDICE**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**